IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Bethlehem                    :
                                     :
            v.                       :    No. 777 C.D. 2017
                                     :    Submitted: December 15, 2017
Alvin S. Kanofsky,                   :
United States of America             :
                                     :
Appeal of: Alvin S. Kanofsky         :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. WESLEY OLER, JR., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                         FILED: April 4, 2018

        Alvin S. Kanofsky, *pro se*, appeals an order of the Court of Common
Pleas of Northampton County (trial court) affirming a decision of the City of
Bethlehem's Blighted Property Review Committee (City) finding that his property
located at 32 East Third Street is blighted.[1]  For the following reasons, we reverse.

        The subject property is a vacant, unimproved lot (Lot) adjacent to an L-
shaped commercial building at 30 East Third Street (Building),[2] which is also owned

_____

[1] Although named as a party, the United States of America is precluded from filing a brief in this
matter due to its failure to comply with this Court's October 30, 2017, order directing it to file a
brief within 14 days of the exit date of said order.

        Notably, in a separate decision, *City of Bethlehem v. Kanofsky*, (Pa. Cmwlth., No. 1034 C.D.
2017, filed March 23, 2018), this Court affirmed the trial court's order which granted an
application by the City, as conservator of the subject property, to sell the property to Collaboration
3, LLC.  In light of that decision, the issues Kanofsky raises in the instant appeal may become
moot when and if he loses his title interest in the property.

[2] The Building has been the subject of several actions in the trial court pertaining to alleged code
violations as well as appeals to this Court. *See, e.g., Commonwealth v. Kanofsky*, (Pa. Cmwlth.,
No. 1938 C.D. 2016, filed August 14, 2017) (involving summary criminal charges for violations

by Kanofsky. On January 20, 2017, the City notified Kanofsky that the Lot is blighted and ordered him to eliminate the blight-causing conditions. The City's notice stated, in pertinent part, as follows:

> 1) The [Lot] is blighted within the meaning of the City Codified Ordinance Article 149, as amended, and the Pennsylvania Urban Redevelopment Law.[3]
>
> 2) The owner of the subject property is ordered to eliminate the following conditions causing the blight within twenty (20) days.
>
> > a. Correct property condition so it is no longer a public nuisance per local housing, building, plumbing, fire and related codes.
> >
> > b. Correct dilapidated, unsafe, vermin-infested conditions at property.
> >
> > c. Improve lot conditions so it is no longer a place for accumulated trash and/or debris or for rodents and/or vermin.
> >
> > d. Pay delinquent taxes so property is no longer a tax delinquent property.
>
> 3) Failure to eliminate the conditions stated above in #2 within the stated period of time may render the property subject to condemnation by the Redevelopment Authority of the [City] under the Urban Redevelopment Law.

Reproduced Record at 34 (R.R.__).

---

of City's codified ordinances relating to maintenance of Building and failure to obtain certificate of occupancy); *Kanofsky v. City of Bethlehem*, (Pa. Cmwlth., No. 1503 C.D. 2016, filed May 17, 2017) (quashing appeal of blight certification for Building); *Kanofsky v. City of Bethlehem*, (Pa. Cmwlth., No. 2163 C.D. 2015, filed September 28, 2016) (ordinance violations relating to maintenance of Building and failure to obtain certificate of occupancy); *City of Bethlehem v. Kanofsky* (Pa. Cmwlth., No. 181 C.D. 2017, filed November 29, 2017) (affirming appointment of the City as conservator for the Lot and the Building).

[3] Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §§1701–1719.2.

Kanofsky appealed to the trial court, which held a hearing on May 8, 2017. The City presented the testimony of Tony Hanna, Executive Director of the City's Redevelopment Authority. He described the Lot as "vacant," "unpaved, unfinished [, and] not code compliant to be used as a parking lot[.]" Notes of Testimony (N.T.), 5/8/2017, at 14; R.R. 63. Hanna stated that a building that once stood on the Lot had burned down 18 years ago and the Lot "was left in its place" since then. N.T. 14-15; R.R. 63.

The City submitted several violation notices issued to Kanofsky dated, respectively, July 20, 2006, October 8, 2013, October 22, 2014, and June 13, 2016, concerning garbage, rubbish and weeds on the Lot. In response, Kanofsky submitted pictures of the Lot, showing that he had corrected the conditions cited in the notices. Hanna acknowledged that at the time the City issued the blight notices, all of the weeds and rubbish had been removed from the Lot. N.T. 30; R.R. 67. The City's counsel then proposed that, to "streamline things, [the City] will proceed on the blighted property solely with regard to the [unpaid] taxes." N.T. 31; R.R. 67.

In support, the City presented the testimony of Linnea Lazarchak, director of financial services, who oversees the collection of tax delinquencies. Lazarchak testified that Kanofsky had not paid real estate taxes on the Lot for the years 2015 and 2016. The City submitted a notice of nonpayment issued to Kanofsky dated September 30, 2015, along with an annual report sent to the City's collection agency in January of 2016, showing that Kanofsky owed real estate taxes on the Lot in the amount of $647.88 for 2015. The City also submitted documents showing a $662.17 delinquency for 2016. Kanofsky acknowledged that the Lot is vacant, and that he has not paid real estate taxes on the Lot for the years 2015 and 2016.

By order of May 11, 2017, the trial court affirmed the City's determination that the Lot is blighted. Kanofsky appealed to this Court.[4] The trial court issued an order directing him to file a statement of errors complained of on appeal. *See* PA. R.A.P. 1925(b).[5] Kanofsky filed the statement on July 5, 2017, asserting,[6] *inter alia*, that the Lot was neither vacant nor "overgrown with weeds," and there were no other ordinance violations. R.R. 52. The trial court issued an opinion pursuant to Pa. R.A.P. 1925(a)(1)[7] stating that under Section 12.1(c)(7) of the Urban Redevelopment Law, "[a]ny unoccupied property which has been tax delinquent for a period of two years" is a blighted property. 35 P.S. §1712.1(c)(7).[8] Because Kanofsky conceded that the Lot is unoccupied and has a two-year tax delinquency, the trial court concluded the Lot is blighted.

---

[4] This Court's review determines whether the trial court abused its discretion or committed an error of law. *Smucker v. Lancaster City Planning Commission*, 74 A.3d 349, 352 n.8 (Pa. Cmwlth. 2013).

[5] It states in pertinent part:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

PA. R.A.P. 1925(b).

[6] To the extent that Kanofsky's statement of errors raises new issues not asserted before the trial court, such issues are waived for appellate review. *See* Pa. R.A.P. 302(a); *Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010).

[7] Rule 1925(a)(1) states, in relevant part, as follows:

> [U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa. R.A.P. 1925(a)(1).

[8] Added by the Act of June 23, 1978, P.L. 556.

On appeal to this Court, Kanofsky contends that the trial court erred. He argues that the pictures he presented during the hearing show that the Lot "was in a decent condition, with hard packed soil and trimmed grass." Appellant's Brief at 5. He maintains that he was never notified by the City of any violation "[with] regard to the [Lot] being vacant." *Id*. at 9. The City responds that it provided sufficient evidence that the Lot is unoccupied and tax delinquent for a two-year period; accordingly, the trial court did not err in determining that the Lot is blighted under Section 12.1 of the Urban Redevelopment Law.

We begin with the applicable provisions of the Urban Redevelopment Law. Under the Law, the elimination of blighted areas constitutes a proper public purpose for which the power of eminent domain may be exercised. The Law provides procedures for determining whether a particular area or property is blighted and, thus, a candidate for rehabilitation. *In re Condemnation by Redevelopment Authority of Lawrence County*, 962 A.2d 1257, 1260 (Pa. Cmwlth. 2008), *appeal denied*, 973 A.2d 1008 (Pa. 2009).

Section 12.1(c) of the Law sets forth several criteria for determining whether an individual property located outside a designated redevelopment area[9] may be deemed blighted. Section 12.1(c) states that blighted property shall include:

* * *

> (6) *Any vacant or unimproved lot or parcel of ground* in a predominantly built-up-neighborhood, which by reason of neglect or lack of maintenance has become a place for accumulation of trash and debris, or a haven for rodents or other vermin.

---

[9] A finding that a specific property is blighted is not necessary to support a condemnation proceeding if the property lies within a declared blighted area. *In re Condemnation by Urban Redevelopment Authority of Pittsburgh*, 822 A.2d 135, 138 (Pa. Cmwlth. 2003).

(7) *Any unoccupied property which has been tax delinquent for a period of two years* prior to the effective date of this act, and those in the future having a two year tax delinquency.

* * *

35 P.S. §1712.1(c)(6)-(7) (emphasis added). The property owner shall be "served with notice of the determination that the property is blighted, together with an appropriate order to eliminate the conditions causing the blight and notification that failure to do so may render the property subject to condemnation under [the Law]." 35 P.S. §1712.1(e)(2). "The owner or his agent shall have the right of appeal from the determination in the same manner as an appeal from the determination of public nuisance." *Id*.

After a municipality determines that a property is blighted, it must certify the property as blighted to the redevelopment authority. Section 12.1(e) of the Urban Redevelopment Law sets forth the procedure for doing so. It states in pertinent part:

The blighted property review committee and the appropriate planning commission, upon making a determination that any property is blighted within the terms of this section, must certify said blighted property to the Redevelopment Authority, except that:

(1) *No property shall be certified to the Redevelopment Authority unless it is vacant*. A property shall be considered vacant if:

(i) *the property is unoccupied* or its occupancy has not been authorized by the owner of the property;

(ii) *in the case of an unimproved lot or parcel of ground*, a lien for the cost of demolition of any structure located on the property remains unpaid for a period of six months; or

6

> (iii) *in the case of an unimproved lot or parcel of ground*, the property has remained in violation of any provision of local building, property maintenance or related codes applicable to such lots or parcels, including licensing requirements, for a period of six months.

35 P.S. §1712.1(e)(1) (emphasis added). Once a property is certified to the redevelopment authority as blighted, a condemnation proceeding may begin if other conditions under the Urban Redevelopment Law are met.

Here, the City determined, and the trial court affirmed, that the Lot is blighted pursuant to Section 12.1(c)(7) of the Urban Redevelopment Law because it was "unoccupied" and "tax delinquent for a period of two years." 35 P.S. §1712.1(c)(7). In so holding, the trial court misapplied the Law because occupancy is not a factor in the case of an "unimproved lot or parcel." 35 P.S. §1712.1(e)(1).

In *Redevelopment Authority of City of York v. Bratic*, 45 A.3d 1168 (Pa. Cmwlth. 2012), the city's redevelopment authority certified a building as blighted and brought a condemnation action against the property owner. The property owner filed preliminary objections arguing, *inter alia*, that the property should not have been certified because the parking lot located behind the building was rented out pursuant to a rental agreement; thus, the property was not vacant within the meaning of Section 12.1(e) of the Urban Redevelopment Law. The trial court overruled the property owner's preliminary objections, and this Court affirmed. Interpreting Section 12.1(e), we observed:

> [Property owner's] reliance is misplaced; there is no need to go searching for a definition of "vacant" when it is provided in the statute. *Parts (i) through (iii) in Subsection (e)(1) of the statute clearly differentiate between property that has a structure, such as the commercial building located on the [property], and properties that do not; both can fall within the definition of*

7

*"vacant," but an "unimproved lot or parcel" is addressed separately from properties where occupancy is a factor.*

*Id.* at 1178 (emphasis added).

In short, Section 12.1 of the Urban Redevelopment Law distinguishes between parcels that have buildings on them and those that do not. Both can be vacant. However, for an "unimproved lot or parcel," occupancy is not a factor. It is only a factor where the parcel holds a building.

Although the instant case involves a blight determination rather than a blight certification, our interpretation of Section 12.1, as set forth in *Bratic*, is nevertheless dispositive. The trial court found that the City established that the Lot is unoccupied and has a two-year tax delinquency. In so finding, the trial court credited the testimony of the City's witnesses. Hanna testified that the Lot is "vacant," "unpaved, unfinished [, and] not code compliant to be used as a parking lot." N.T. 14; R.R. 63. He further testified that a building that once stood on the Lot had burned down 18 years ago and the Lot "was left in its place" since then. N.T. 14-15; R.R. 63. In short, the testimony established that the Lot is vacant and unimproved.

The trial court erred in deeming the Lot blighted under Section 12.1(c)(7) of the Urban Redevelopment Law. As used in Section 12.1(c)(7), the term "unoccupied property" refers to property "that has a structure" or "where occupancy is a factor." *Bratic*, 45 A.3d at 1178. It has nothing to do with a "vacant or unimproved lot or parcel," which is explicitly addressed in different subsections of the Law, *i.e.*, Section 12.1(c)(6). *Id.*

The object of all construction of statutes is to ascertain and effectuate the intention of the legislature. "It is axiomatic that in determining legislative intent, all sections of a statute must be read together and in conjunction with each other,

8

and construed with reference to the entire statute." *Allstate Life Insurance Company v. Commonwealth*, 52 A.3d 1077, 1080 (Pa. 2012) (citation omitted).  Section 12.1 must be viewed in its entirety.  It is unreasonable to conclude that the General Assembly would differentiate between an unimproved lot or parcel and unoccupied property in one subsection of a statute, only to conflate them in another.

For all of the foregoing reasons, we reverse the trial court's decision.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Bethlehem :
:
:
v. : No. 777 C.D. 2017
:
Alvin S. Kanofsky, :
United States of America :
:
Appeal of: Alvin S. Kanofsky :

**O R D E R**

AND NOW, this 4th day of April, 2018, it is hereby ORDERED that the order of the Court of Common Pleas of Northampton County, dated May 11, 2017, in the above-captioned case is hereby REVERSED.

_____
MARY HANNAH LEAVITT, President Judge